

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DONISE SHAVON CHERRY,              §
                                  §
            Petitioner,           §
                                  §
v.                                §      No. 4:15-CV-771-A
                                  §
WILLIAM STEPHENS, Director,       §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
            Respondent.           §

## MEMORANDUM OPINION
## and
## ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Donise Shavon Cherry, a state prisoner currently incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On May 31, 1990, in the Criminal District Court Number Four of Tarrant County, Texas, a jury found petitioner guilty of murder and aggravated robbery with a deadly weapon, a firearm,

and assessed her punishment as 90 years' and 50 years'

confinement, respectively. Adm. R., WR-58,662-01 Writ 74, ECF No.

14-22. On direct appeal, the Second Court of Appeals of Texas

affirmed the judgment of conviction and, on September 30, 1992,

the Texas Court of Criminal Appeals refused petitioner's petition

for discretionary review. *Id.*, Docket Sheet, ECF No. 14-2.

Petitioner did not seek writ of certiorari. Pet. 3, ECF No. 1.

Petitioner also filed two state postconviction habeas

applications challenging her convictions. The first, filed on

July 29, 2003, was denied on November 24, 2004, by the Texas

Court of Criminal Appeals without written order on the findings

of the trial court.[1] Adm. R., WR-58,662-01 Writ 74, ECF No. 14-22.

The second, filed on March 24, 2014, was dismissed on May 14,

2014, as successive by the Texas Court of Criminal Appeals. *Id.*,

WR-58,662-02 Writ & "Action Taken," ECF Nos. 10-23 & 10-25. This

federal habeas petition was filed on October 6, 2015,[2] wherein

---

[1] Petitioner's state habeas applications are deemed filed when placed in
the prison mailing system. *Richards v. Thaler,* 710 F.3d 573, 578-79 (5th Cir.
2013). The applications do not however reflect the date petitioner placed the
documents in the prison mailing system. Allowing all leeway to petitioner, the
date the applications were signed by petitioner is considered the date they
were placed in the prison mailing system and, thus, filed for purposes of this
opinion.

[2] Petitioner's federal habeas petition is likewise deemed filed at the
time it is delivered to prison authorities for mailing in the prisoner
context. *Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998).

petitioner challenges her 1990 convictions on four grounds. Pet.

10, ECF No. 1. Respondent contends the petition is untimely.

## II.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996

(the AEDPA), effective April 24, 1996, imposes a one-year statute

of limitations on federal petitions for writ of habeas corpus

filed by state prisoners. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to
> an application for a writ of habeas corpus by a person
> in custody pursuant to the judgment of a State court.
> The limitations period shall run from the latest of-
>
> > (A)  the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to
> > filing an application created by State action in
> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was
> > prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional
> > right asserted was initially recognized by the
> > Supreme Court, if that right has been newly
> > recognized by the Supreme Court and made
> > retroactively applicable to cases on collateral
> > review; or
> >
> > (D)  the date on which the factual predicate
> > of the claim or claims presented could have been
> > discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed
> application for State post-conviction or other

3

collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking judgments of conviction which became
final before the AEDPA's effective date have one year from the
effective date of the Act, or until April 24, 1997, to file a
federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196,
200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006
(5th Cir. 1998).

Under subsection (A), applicable to this case, the
limitations period began to run on the date on which the state
court's judgment of conviction became final by the expiration of
the time for seeking direct review. For purposes of this
provision, petitioner's convictions became final upon expiration
of the time that petitioner had for filing a petition for writ of
certiorari in the United States Supreme Court on December 29,
1992, prior to the effective date of the AEDPA. Thus, her federal
petition was due on or before April 24, 1997, absent any
applicable tolling. *Flanagan,* 154 F.3d at 202.

For purposes of statutory tolling, petitioner's state habeas
petitions, filed after limitations had already expired, did not

4

operate to toll the limitations period. *Moore v. Cain,* 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied,* 537 U.S. 1236 (2003); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied,* 532 U.S. 963 (2001). Nor has petitioner demonstrated that she is entitled to equitable tolling. For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner provides no explanation for failing to file her federal petition sooner and her extreme delay mitigates against equitable tolling.

Accordingly, petitioner's federal petition was due on or before April 24, 1997; thus her petition filed on October 6, 2015, is untimely.

For the reasons discussed herein,

The court ORDERS petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed

as time-barred. The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED April ____18____, 2016.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

6